UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| BRIAN WAGNER, } | |
| ON BEHALF OF HIMSELF AND } | |
| ALL OTHERS SIMILARLY SITUATED, } | |
| } | |
| Plaintiff, } | Civil Action, File No. |
| v } | |
| } | |
| GUTMAN, MINTZ, BAKER & SONNENFELDT, LLP, } | |
| ERIC KEILBACH, KENNETH P. MINTZ, AND } | |
| NEIL D. SONNENFELDT, } | |
| } | |
| DefendantS. } | |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Brian Wagner [hereinafter "Wagner"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Gutman, Mintz, Baker & Sonnenfeldt, LLP [hereinafter "Gutman"], Eric Keilbach [hereinafter "Keilbach"], Kenneth P. Mintz [hereinafter "Mintz"], and Neil D. Sonnenfeldt [hereinafter "Sonnenfeldt"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Defendants also derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Wagner is a natural person who resides at 550 Riverside Dr. Apt 54 New York, NY 10027.

6. Wagner is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about April 25, 2017, Gutman sent Wagner the letter annexed as Exhibit A. Wagner received and read Exhibit A. For the reasons set forth below, Wagner's receipt and reading of Exhibit A deprived Wagner of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Gutman sent Exhibit A to Wagner in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on the breach of a lease agreement for the lease of a residence for individual personal use. Gutman, via Exhibit A, attempted to collect this past due debt from Wagner in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Gutman is a New York Domestic Registered Limited Liability Partnership located at 813 Jericho Turnpike, New Hyde Park, NY 11040.

11. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), on a consistent and regular basis over a period of numerous years through the present Gutman was the plaintiff/petitioner's attorney in numerous lawsuits which involved consumer debt collection. Also, on a consistent and regular basis over a period of numerous

years through the present, Gutman, without using the courts, has collected and attempted to collect debts from consumers on behalf of a third-party owner of the debt.

12. On Exhibit A, Gutman sets forth that it is a debt collector attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

13. On its website, Gutman sets forth that one of the firm's specializations is debt recovery.

14. Based upon the allegations in the above three paragraphs, Gutman is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

16. Keilbach is an "individual" with a principal place of business located at "debt collector" Gutman, a senior partner of the "debt collector" Gutman, a main financial beneficiary of "debt collector" Gutman, and/or controls and/or supervises the debt collection activities of "debt collector" Gutman.

17. Keilbach signed Exhibit A to the Complaint.

18. Keilbach therefore is a "person who uses any instrumentality of interstate commerce or the

mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.", and therefore, is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

19. Keilbach is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of Gutman.

20. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual".  See 1 USC 1.  15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

21. Mintz is an "individual" with a principal place of business located at "debt collector" Gutman, a senior partner of the "debt collector" Gutman, a main financial beneficiary of "debt collector" Gutman, and/or controls and/or supervises the debt collection activities of "debt collector" Gutman.

22. Mintz therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.", and therefore, is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

23. Mintz is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of Gutman.

24. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

25. Sonnenfeldt is an "individual" with a principal place of business located at "debt collector" Gutman, a senior partner of the "debt collector" Gutman, a main financial beneficiary of "debt collector" Gutman, and/or controls and/or supervises the debt collection activities of "debt collector" Gutman.

26. Sonnenfeldt therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.", and therefore, is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

27. Sonnenfeldt is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of Gutman.

**FIRST CAUSE OF ACTION-CLASS CLAIM**

28. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-27 of this Complaint.

29. Exhibit A is the written notice required under 15 USC § 1692g(a).

30. Exhibit A is dated April 25, 2017.

31. Exhibit A sets forth that the amount of Wagner's indebtedness is $11,904.78.

32. The creditor for whom Gutman, via Exhibit A, was attempting to collect the aforementioned debt had been accruing interest on the indebtedness of $11,904.78 since at least June 1, 2015.

33. On the date of Exhibit A, the creditor for whom Gutman, via Exhibit A, was attempting to collect the aforementioned debt was accruing interest on the indebtedness of $11,904.78.

34. On June 30, 2017, Gutman filed a lawsuit against Wagner seeking the indebtedness of $11,904.78 set forth in Exhibit A plus interest from 6/1/15.  See Exhibit B.

35. However, Exhibit A did not set forth what Wagner would need to pay to resolve the debt at any given moment in the future, and/or did not set forth a clear explanation of the interest that would cause the amount of the debt on the date of Exhibit A to increase.

36. For the above reason, Exhibit A did not set forth the amount of the "debt"; and therefore Defendants violated 15 USC § 1692g(a)(1) and 15 USC § 1692e by sending Exhibit A to Wagner.

## SECOND CAUSE OF ACTION-CLASS CLAIM

37. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-27 of this Complaint.

38. Exhibit A does not identify in any manner or does not clearly, effectively, or properly identify the "creditor" and/or the entity to whom the alleged debt allegedly is owed or on whose behalf Gutman was attempting to collect the alleged debt.

39. Based on the above, Defendants violated 15 USC § 1692g(a)(1), 15 USC § 1692e, and 15 USC § 1692e(10) by sending Exhibit A to Wagner.

## THIRD CAUSE OF ACTION-CLASS-CLAIM

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-27 of this Complaint.

41. On Exhibit A Gutman identifies itself as an attorney.

42. The Fair Debt Collection Practices Act prohibits a "debt collector" such as Gutman from sending a "debtor" a letter such as Exhibit A if such letter misleads a "debtor" regarding meaningful "attorney" involvement in the debt collection process.

43. A letter such as Exhibit A does not mislead a "debtor" regarding meaningful "attorney" involvement in the debt collection process so long as that letter includes a disclaimer to such as the following:

> "AT THIS TIME, NO ATTORNEY WITH THIS FIRM HAS PERSONALLY REVIEWED THE PARTICULAR CIRCUMSTANCES OF YOUR ACCOUNT."

44. Exhibit A does not contain such a disclaimer.

45. Based on the above, Defendants violated 15 USC § 1692e, 15 USC § 1692e(3), and 15 USC § 1692e(10) as a result of Exhibit A being sent to Wagner.

### FOURTH CAUSE OF ACTION-CLASS-CLAIM

46. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-27 of this Complaint.

47. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

### FIFTH CAUSE OF ACTION-CLASS-CLAIM

48. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-27 of this Complaint.

49. As a result of sending Exhibit A to Wagner, Defendants violated 15 USC § 1692g.

### SIXTH CAUSE OF ACTION

50. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-27 of this Complaint.

51. On May 24, 2017, Wagner sent a letter to Gutman disputing the debt set forth in Exhibit A and demanding validation of the debt set forth in Exhibit A.

52. Gutman never responded to the above dispute and demand for validation prior to the time it filed and served Exhibit B.

53. Based on the above, Defendants violated 15 USC § 1692g(b) by filing and/or serving Exhibit B.

### CLASS ALLEGATIONS

54. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

55. The class consist of (a) all natural persons (b) who received a letter from Gutman dated between April 25, 2017 and the present to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A.

56. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

57. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

58. The predominant common question is whether Defendant's letters violate the FDCPA.

59. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

60. A class action is the superior means of adjudicating this dispute.

61. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:     April 25, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107